IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIMPLY L TRUCKING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-02305-S-BT |
| | § | |
| FEDEX FREIGHT, INC., FEDEX | § | |
| CORPORATION, LIBERTY | § | |
| MUTUAL INSURANCE, and | § | |
| DONALD BRIGANCE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On October 14, 2022, Plaintiff Simply L Trucking LLC (SLT) brought this civil action for damages resulting from an alleged accident caused by a driver who worked for FedEx Freight Inc. Mr. Lenny M. Kakai signed the complaint on behalf of SLT. Compl. (ECF No. 3). But Mr. Kakai is not a licensed attorney. Accordingly, the Court entered an Order on October 17, noting that business associations such as SLT must be represented in federal court by a licensed attorney and cannot appear *pro se* through an owner or officer. *See* Order 1 (ECF No. 5). The Court gave SLT until November 17, to retain a licensed attorney to represent it and admonished SLT that "[i]f a licensed attorney permitted to practice before this Court does not file a written appearance with the Clerk of Court on or before November 17, 2022, the Court may dismiss SLT's complaint without further notice." *See* Order 2.

1

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. But while *pro se* individuals may proceed under this statute, a business association "as a fictional legal person can only be represented by licensed counsel." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. Unit B July 1981). Federal Rule of Civil Procedure 41 provides that "[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Further, a District Court may dismiss an action *sua sponte* through its inherent authority without a motion by the defendant. *Id.* "[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). For instance, the Fifth Circuit has noted that courts have dismissed claims with prejudice or struck pleadings after "expressly warn[ing] the corporation that it must retain counsel or formally order[ing] it to do so." *Id.* at 874 (noting further other courts have dismissed cases without prejudice).

Here, the Court expressly ordered SLT to retain a licensed attorney to represent it. *See* Order 1. SLT failed to timely comply with that order. Indeed, SLT failed to respond to Court in any manner. In the interests of justice and because "dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim," the Court recommends dismissing this case

without prejudice under Rule 41(b) for SLT's failure to comply with the order to retain a licensed attorney to represent it. *Id.*; *see JKD Holdings, LLC v. Prison Litig. Reform Act*, 2021 WL 2044316, at *1-2 (N.D. Tex. May 10, 2021) (Ramirez, J.), *adopted by* 2021 WL 2042689 (N.D. Tex. May 21, 2021).

**SO RECOMMENDED.**

November 29, 2022.

_____
REBECCA RUTHERFORD
UNITED STATE MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).